PER CURIAM.
Darue Henry and Carlene Henry, his wife, appeal from an order of final summary judgment. We affirm.
In 1998, Darue Henry was injured when visiting a construction site. He sued Dimarzo Construction, the employer of the person responsible for the accident and won a default judgment and damages of *178 $900,000; he has collected none of that money. During discovery in the negligence case, Dimarzo revealed that he had a general liability policy in effect before the accident, but that the policy had been cancelled effective February 2, 1998, and was not in force when the accident happened. Dimarzo did not inform the insurance company of the lawsuit and did not assign any rights to plaintiff.
In this action, plaintiff Henry sued Dimarzo’s former insurer, the finance company, and the insurance agent alleging erroneous cancellation of the policy. The plaintiff alleged that the finance company was without authority to issue a cancellation notice. The trial court entered summary judgment for the insurer and the finance company. Plaintiff appeals only the order of summary judgment entered against the insurer.
We affirm as plaintiff lacks standing or capacity to challenge the premium finance contract between Dimarzo and the finance company. Plaintiff was not a party to that contract and has no assignment of interest from Dimarzo. At no time did Dimarzo challenge the finance company’s authority to cancel the insurance for nonpayment or the validity of his signature on the power of attorney. Even if plaintiff had standing, there is nothing in the record to indicate that either the insurance company or the finance company failed to comply with section 627.848, Florida Statutes (1997).
Affirmed.